# AFFIDAVIT

I, Jeffrey W. Stephenson, being first duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1.      I submit this affidavit to establish probable cause to believe that on January 29, 2020, Quadeim J. MACK (a.k.a. "Matt"): (1) knowingly possessed, with intent to distribute, Fentanyl, cocaine base, and cocaine, all Schedule II controlled substances, in violation of 21 U.S.C. § 841(a); (2) this offense involved 40 grams of more of substance and mixture containing Fentanyl and 28 grams or more of a substance and mixture containing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B); and (3) MACK knowingly possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

2.      I am a Task Force Officer with the Federal Bureau of Investigation and have been since October 1, 2017. In such capacity, I am authorized to investigate violations of the United States Code under Title 18 and Title 21 to include applying for search warrants before the United States District Court. I am employed by the Vermont State Police ("VSP") as a Detective Trooper and am a certified law enforcement officer in the State of Vermont, having been certified by the Vermont Criminal Justice Training Council for over 13 years. During my career, I have received extensive training related to criminal investigations. I have authored numerous search warrants and participated in hundreds of criminal investigations, many involving violations of federal controlled substances laws.

3.      My basis of knowledge for this affidavit comes from conversations with detectives of the Vermont Drug Task Force ("VDTF") and my participation in the investigation. The detectives I spoke with have advised me they believe the information to be true and accurate. Since this affidavit is being submitted for the limited purpose of establishing probable

cause, I have not included each and every fact known to me concerning this investigation.

## PROBABLE CAUSE

4.      Since in or about December 2019, the VDTF and FBI have been investigating Quadeim J. MACK (a.k.a. "Matt") for distribution of heroin, Fentanyl, and cocaine base in the Rutland, Vermont area.

5.      In or about December 2019, I spoke with a confidential informant, (hereafter "CI #1") regarding a residence located on Sheldon Place, Rutland, Vermont.[1] CI #1 identified a black male adult using the street name "Matt," who was living at a residence on Sheldon Place, Rutland, Vermont. CI #1 reported they had purchased heroin and cocaine base from "Matt" numerous times in the past. CI #1 showed me the residence on Sheldon Place and provided a physical description of "Matt." I identified the residence at 8 Sheldon Place. Additionally, CI #1 provided me with the phone number, (802) 282-5614. CI #1 used that number to reach "Matt" to purchase heroin and/or cocaine base.

---

[1] CI #1 is a registered confidential informant with the VDTF. CI #1 is cooperating in exchange for monetary compensation. CI #1 has admitted to criminal conduct including the use, purchase, and distribution of controlled substances as recent as December 2019. CI #1 was not made any promises regarding an arrest or prosecution regarding this conduct in exchange for their statements/cooperation. CI #1 has a criminal history involving the following offenses: Vermont misdemeanor conviction for disorderly conduct 2015, Vermont misdemeanor convictions for operation vehicle while license suspended and careless or negligent operation 2015, Vermont misdemeanor conviction for unlawful mischief 2013, Vermont misdemeanor conviction for DUI 2012, federal felony charge for conspiracy to distribute narcotics, 2014 (reduced to misdemeanor), and a New York misdemeanor conviction for criminal possession controlled substance 7th 2019 .

**Controlled Purchases**

6. In or about December 2019, the VDTF and FBI conducted three controlled purchase of suspected heroin and Fentanyl from MACK, aka "Matt," with the assistance of CI #1. Each controlled purchase occurred on a public street near Sheldon Place, Rutland, Vermont.

7. For each controlled purchase, CI #1 communicated with MACK, aka "Matt" via text or voice call using the number (802) 282-5614, to arrange the purchase of heroin. CI #1 was searched before and after each controlled purchase. No drugs, money, or contraband was located with CI #1. CI #1 was surveilled by law enforcement during the controlled purchases.

8. For each controlled purchase, MACK, aka "Matt" was seen exiting 8 Sheldon Place, Rutland, Vermont, and walking to meet CI #1. MACK, aka "Matt" was observed meeting with CI #1, then returning to 8 Sheldon Place, Rutland, Vermont.

9. For each controlled purchase, law enforcement found the suspected heroin and/or Fentanyl was packaged in a tinfoil fold. Law enforcement field-tested the suspected heroin. Two of the three substances field-tested presumptive-positive for heroin and the third field-tested presumptive-positive for Fentanyl.

**Continuity of "Matt" throughout all three controlled purchases**

10. CI #1 was equipped with covert audio and video surveillance during all three controlled purchases. I reviewed the audio and video records. All three times, the subject CI #1 met with appeared to be the same subject. The voice characteristics appear to be consistent with the subject later identified as MACK, aka "Matt." I later spoke with MACK in person and found his voice to be the same or like the recordings. The physical characteristics, to the degree MACK, aka "Matt," was identifiable, appeared consistent with all three events. It appeared that

MACK, aka "Matt," had a distinct tattoo on the top of his left hand. The tattoo appeared to be a graphic which read, "Fear None" or something very similar. During controlled purchase #1, the covert video showed MACK, aka "Matt," appeared to have a tattoo on the top of his left hand. During controlled purchase #2, the "Fear None" tattoo was visible on the top of MACK, aka "Matt's," left hand. During controlled purchase #3, the same "Fear None" tattoo was visible on the top of MACK, aka "Matt's," left hand.

### Search warrant execution

11.  On January 29, 2020, law enforcement executed a federal search warrant at 8 Sheldon Place, Rutland, Vermont. Upon entry into the residence, law enforcement located and identified Quadeim J. MACK in the upstairs bedroom. MACK had a tattoo on his left hand. The tattoo was a graphic with text which said, "Fear None." I saw MACK's tattoo and saw it was consistent with the tattoos observed during the controlled purchase described above. MACK was the only occupant of that upstairs bedroom. A female was found in an upstairs bathroom, hiding in a shower.

12.  During the search, in the upstairs bedroom where MACK was found, law enforcement located several packages of different controlled substances. The upstairs of the residence, and the bedroom, had a strong odor of marijuana. Among the controlled substances found were:

   a.  Approximately 9 grams, with packaging, of suspected Fentanyl in a plastic baggie on top of a cabinet in the corner of the bedroom. The suspected Fentanyl was field tested. It tested presumptive-positive for Fentanyl. The plastic baggie also contained a small plastic spoon.

    b. Approximately 50 grams, with packaging, of suspected powder cocaine located in a red box on the floor of the bedroom. The suspected cocaine was field tested. It tested positive for cocaine.

    c. Approximately 57 grams, with packaging, of suspected cocaine base located in a red box on the floor of the bedroom. The suspected cocaine base was field tested. It tested presumptive-positive for cocaine and appeared in the cocaine base form.

    d. Approximately 134 grams, with packaging, of suspected Fentanyl located in a red box on the floor of the bedroom. The suspected Fentanyl was field tested. It tested presumptive-positive for Fentanyl.

13. In the same bedroom, law enforcement also found suspected marijuana, rolling papers, cigar blunt wrappers, a glass smoking "bong," a roll of aluminum foil, razor blades, several pieces of torn aluminum foil, a digital gram scale with a white residue, several pieces of paper containing numbers, amounts, and notes consistent with drug distribution, and numerous cell phones.

14. On the bottom shelf of the cabinet located in the upstairs bedroom where law enforcement located MACK, law enforcement found a loaded .22 caliber H&R Arms Company revolver. The firearm was found on the shelf in plain view. It was loaded with nine (9) .22 caliber cartridge ammunition. In the downstairs bathroom, law enforcement located a box of .22 caliber ammunition, containing ninety-one (91) .22 caliber cartridge ammunition.

15. In the upstairs bedroom where MACK was located, law enforcement found an Apple iPhone with a black-colored case. I later called the number (802) 282-5614, which is the number used by CI #1 to contact MACK (a.k.a. "Matt") to arrange the December 2019

controlled purchases. This Apple iPhone rang and displayed that "802" caller identification unique to the calling phone.

16.     On the floor of the upstairs bedroom, law enforcement located approximately $13,050 of United States Currency. Among the currency were nearly four-hundred fifty (450) twenty-dollar bills. The currency was held together with rubber bands in four different stacks.

**Interviews**

17.     MACK was taken into custody and transported to the VSP barracks in Rutland, Vermont. MACK invoked his right to counsel. I later met with MACK in the processing area of the barracks and inquired about the last time he ate. In response to my question, he told me he had not eaten but had used heroin at approximately 8:00 a.m.

18.     The female found in the shower was not arrested but she agreed to come to the VSP barracks after the search warrant execution. After being advised she was free to leave, she agreed to speak with investigators. No threats or promises were made to her in exchange for her information. She reported she is dating MACK and has traveled from New York to Vermont several times to visit him. She stated MACK regularly smokes marijuana but does not use any other drugs she was aware of. She was aware that MACK was selling drugs and would often leave the house to meet customers.

19.     Based upon my training and experience, I know that the amounts of controlled substances seized by law enforcement during the search, the U.S. Currency, packaging materials, digital scale, and other items mentioned above are consistent with the distribution of controlled substances and are not consistent with personal use amounts.

## Conclusion

20.     Based on the foregoing, I submit there is probable cause to believe that on January 29, 2020, Mack violated 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 18 U.S.C. § 924(c).

Dated at Rutland, in the State of Vermont, this 30th day of January 2020.

_____
JEFFREY W. STEPHENSON
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me on January 30, 2020.

_____
GEOFFREY W. CRAWFORD
Chief Judge
United States District Court